UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL GADDA,
            Plaintiff,

  v.

THE STATE BAR OF CALIFORNIA, TRACEY McCORMICK (State Bar Counsel), BETTY YOUNG (Client Security Fund, State Bar), THE SUPREME COURT OF CALIFORNIA, real party in interest, BOARD OF IMMIGRATION APPEALS and DEPARTMENT OF HOMELAND SECURITY, JENNIFER BARNES (EOIR Counsel), MIRIAM HAYWARD (Immigration Judge), ALBERTO GONZALEZ (Immigration Judge), MIMI S. YAM (Immigration Judge),

            Defendants.
_____/

No. C 05-3112 MHP

**ORDER**
**Re: Motion for Recusal**

Plaintiff Miguel Gadda brings this motion to recuse the Honorable Marilyn Hall Patel pursuant to 28 U.S.C. section 144 and 28 U.S.C. section 455. Plaintiff asserts that Judge Patel demonstrated bias by writing a memorandum notifying plaintiff that he is disbarred from the practice of law before this court. Plaintiff also alleges that the court committed error in directing the parties to provide briefing on specific issues and in relating this action to another case plaintiff has before this court. Having considered the submissions and arguments of the parties, and for the reasons set forth below, the court denies plaintiff's motion to recuse.

      The substantive standards for recusal under sections 144 and 455 are identical: "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). It is well

recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The alleged bias and prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). Furthermore, opinions or impressions "formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. Therefore, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id. Judicial expressions of "impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality. Id. at 555–56. "A judge's ordinary efforts at courtroom administration . . . remain immune." Id. at 556.

       Plaintiff's principal argument in favor of recusal is that the Memorandum and Notice that Respondent is Disbarred from Practice Before this Court ("Memo"), filed on August 9, 2005, evinces bias against plaintiff and his claims. Despite plaintiff's arguments to the contrary, the Memo undeniably originated within the scope of a judicial proceeding and relates to information exclusively obtained in that proceeding. The court has already presided over a lawsuit relating to plaintiff's disbarment, which is currently the subject of an appeal to the Ninth Circuit. See In re Miguel Gadda, No. 04-16829, filed 9th Cir., Sept. 20, 2004. The purpose of the Memo in the instant action was twofold: to indicate the court's current lack of jurisdiction over the question of plaintiff's right to practice before this court, which is on appeal; and, relatedly, to clarify that none of the intervening administrative errors related to plaintiff's standing have resulted in his reinstatement. Unfortunately, the Memo does not appear to have had its intended effect, as plaintiff continues to make arguments related to his original admission to the bar of this court and his current right to reinstatement even though this court has been deprived of jurisdiction by reason of the pending appeal. See, e.g., Answer to Memorandum and Notice That Respondent Is Disbarred from Practice

1  Before This Court at 12, No. 02-0017 (N.D. Cal. Aug. 22, 2005) (restating the argument that
2  plaintiff's admission to practice before this court does not depend on his admission to the California
3  bar).  The court's communication does not represent "extrajudicial" contact as it was made in order to
4  clarify the scope of the instant proceedings and involved the legal status of plaintiff.

5        Given that the Memo does not constitute extrajudicial contact, the only remaining inquiry is
6  whether it evinces a "deep seated and unequivocal antagonism that would render fair judgment
7  impossible."  Liteky, 510 U.S. at 556.  It is well established that judicial criticism or expressions of
8  frustration do not constitute grounds for recusal.  Id. at 555.  The Memo in question is appropriately
9  critical of plaintiff's actions—which have been uniformly condemned by each judicial body before
10 which plaintiff has appeared—but it does not display any antagonism that would make rendering a
11 fair judgment impossible.  The excerpts of the Memo that plaintiff cites are merely recitations of the
12 factual background surrounding plaintiff's case.  These facts necessarily include plaintiff's
13 disbarment and, despite this, his contrived efforts to obtain a certificate of good standing from the
14 Clerk of Court.  The court's Memo, therefore, provides no basis for recusal.

15       Plaintiff also argues that the Memo and other past orders contain several errors that "demean"
16 plaintiff and his claims.  Each of the alleged errors, however, relates to the dates on which certain
17 undisputed events took place:  plaintiff's disbarment, the issue of his erroneous certificate of good
18 standing, and his supposed "readmission" to the bar of this court.  Without considering whether the
19 dates are erroneous, the court is at a loss to see how an error as to the date of an event shows bias
20 when the events themselves have bearing on plaintiff's right to practice law.

21       Plaintiff further argues that the relation of this action to In the matter of Gadda, 02-00017
22 MHP, is contrary to Local Rule 3-12(c) and demonstrates bias and prejudice against plaintiff.  The
23 two cases both arise out of plaintiff's disbarment but seek different remedies—reinstatement in one
24 case, and protection from an obligation to pay fees in the other.  Neither plaintiff nor this court can
25 provide an explanation as to how properly relating two actions can demonstrate bias.  Also, a related
26 case order is necessarily a judicial order and is presumptively impartial unless it demonstrates "deep
27 seated and unequivocal favoritism or antagonism."  Liteky, 410 U.S. at 555.  With respect to
28

3

1  plaintiff's argument under Local Rule 3-12(c), "[d]istrict courts have 'inherent power' to control their
2  dockets." Southern California Edison Co. v. Lynch, 307 F.3d 794, 807 (9th Cir. 2002).  Civil Local
3  Rule 3-12(c) does not limit this power; rather, the rule provides a mechanism by which the judge in
4  the *later-filed* case can request that the judge in the earlier-filed case relate the two.  See N.D. Cal.
5  Civil L.R. 3-12(c).  Notwithstanding any such request, the judge in the earlier-filed case has the
6  power to relate the two.  Local Rules 3-12(c) and (f) do not technically address the inherent power of
7  the court to properly relate cases.  Furthermore, plaintiff has an obligation under Local Rule 3-12(b)
8  to file an Administrative Motion to Consider Whether Cases Should be Related whenever he knows
9  or learns that an action filed before this court is related to an action which is pending in this District.
10  See N.D. Cal. Civil L.R. 3-12(b).  Plaintiff failed to do so in this case.  The court's proper exercise of
11  its inherent power does not demonstrate any partiality towards either party and, therefore, does not
12  justify recusal.

13       Finally, plaintiff contends that this court's August 30, 2005 scheduling order requesting
14  briefing on the legal sufficiency of certain claims under Federal Rule of Civil Procedure 12(b)(6) has
15  the appearance of favoring the State Bar defendants.  As stated previously, the court has the inherent
16  power to control its docket.  Southern California Edison, 307 F.3d at 807.  When faced with a similar
17  request for recusal based on a scheduling order, this court found that "[f]ar from demonstrating bias,
18  such scheduling orders are routinely entered to benefit both litigants and the court." Bismillah v.
19  Hennessey, No. C-92-0280, 1995 U.S. Dist. LEXIS 1403, at *3 (N.D. Cal. 1995) (Patel, J.).  In fact,
20  "[a] meritorious claimant benefits from a scheduling order, which prevents his claim from
21  languishing on the docket and avoids the use of delaying tactics." Id.  The fact that this court issued
22  a scheduling order does not in any way indicate the court's partiality toward one side or another.
23  Among other things, a request for briefing serves to inform the court regarding certain issues that
24  have not been fully briefed by the parties.  Such a request cannot serve as "reasonable grounds for
25  finding that the judge could not try the case fairly, either because of the appearance or the fact of bias
26  or prejudice." United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980).

4

1   For the foregoing reasons, plaintiff's motion to recuse the Honorable Marilyn Hall Patel is
2   DENIED.
3   IT IS SO ORDERED.
4   Dated: October 26, 2005

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

5